

101 Park Avenue, 17th Floor
New York, NY 10178
Tel 212.878.7900  Fax 212.692.0940
WWW.FOXROTHSCHILD.COM

BRYN GOODMAN
Direct No: 212.878.7975
Email: BGoodman@FoxRothschild.com

Application GRATNED.  The Clerk of Court is directed to terminate ECF No. 19.

SO ORDERED.

September 29, 2022

September 28, 2022

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:   *Fontanez v. Bow USA LLC*, 1:22-cv-05147
      <u>Defendant Bow USA LLC's Letter Motion to Stay Discovery</u>

Dear Judge Furman,

Pursuant to Local Rule 7.1(d) and Your Honor's Individual Rules and Practices in Civil Cases Rule 4(A), Defendant Bow USA LLC writes with Plaintiff's consent[1] to respectfully request a stay of discovery pending the outcome of Defendant's motion to dismiss (ECF 15-17) filed on September 22, 2022. Defendant asserts substantial grounds for dismissal, including lack of personal jurisdiction and subject matter jurisdiction, in its motion to dismiss, and as such, the burden of discovery prior to the disposition of its motion would be significant.

Pursuant to Fed. R. Civ. P. 26(c)(1) and the Court's inherent power to manage its own proceedings, the Court has the authority to stay discovery until the disposition of Defendant's pending motion to dismiss.[2] Under Fed. R. Civ. P. 26(c)(1), the Court has "discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss."[3] In determining whether good cause exists, courts consider: (1) whether the motion to dismiss appears to have substantial

---

[1]   In accordance with Local Rule 7.2 and Your Honor's Individual Rules and Practices in Civil Cases Rule 3(E), the parties conferred today, September 28, 2022, and Plaintiff consented to Defendant's request for a stay of all discovery in the referenced lawsuit pending disposition of Defendant's motion to dismiss.

[2]   Fed. R. Civ. P. 26(c)(1); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[3]   *In re Currency Conversion Fee Antitrust Litig.,* No. MDL-1409 (WHP), 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); *see* Fed. R. Civ. P. 26(c).

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Massachusetts   Minnesota   Missouri
Nevada   New Jersey   New York   North Carolina   Oklahoma   Pennsylvania   South Carolina   Texas   Washington
194691\00003\138458887.1



Hon. Jesse M. Furman
September 28, 2022
Page 2

grounds; (2) the breadth of discovery and its burden on the party seeking the stay; and (3) unfair prejudice to the party opposing the stay.[4]

All three factors weigh in favor of a stay of all discovery in this case. First, Plaintiff's counsel consents to this Motion. Thus, neither party will suffer prejudice. Second, Defendant has set forth several, meritorious arguments in favor of dismissal of Plaintiff's Complaint, including:

- Lack of personal jurisdiction over Defendant, a Florida Limited Liability Company (ECF 17, at 9).

- Improper venue because Defendant does not reside in New York (ECF 17, at 11).[5]

- Lack of subject matter jurisdiction because Defendant does not own the website at issue (ECF 17, at 6, 12).

- Failure to state a claim under the ADA because the website is an online store not associated with a brick-and-mortar retail establishment. (ECF 17, at 21).

If the Court finds that these arguments are "potentially dispositive" and "not unfounded in law," then a stay of discovery is appropriate.[6] Moreover, it would be unfair to force both Parties to bear the burden of discovery when the Parties are both consenting to a stay. For the foregoing reasons, Defendant's request an automatic of stay of all discovery pending resolution of Defendant's motion to dismiss (ECF 15-17). The parties are available to meet with Your Honor to discuss the automatic stay.

---

[4] *See Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*, No. 08 Civ. 2437 (RJS), 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007).

[5] *See Niv*, 2007 WL 510113, at *2 (granting stay of discovery where motion to dismiss based on forum non conveniens was pending because if motion was granted, the case would likely be brought in the Middle East and discovery burden "will likely have served little purpose").

[6] *Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (citation omitted); *see e.g.*, *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (finding Defendant's pending motion to dismiss supported a stay where Defendant "put forth in its motion multiple, independent arguments for dismissal and the motion appears not to be unfounded in the law.").



Hon. Jesse M. Furman
September 28, 2022
Page 3

                                                Very Truly Yours,

                                                */s/ Bryn Goodman*

                                                Bryn Goodman

cc:      All Counsel of Record *(via ECF only)*

194691\00003\138458887.1